# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, STATE OF CALIFORNIA, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF MAINE, COMMONWEALTH OF MASSACHUSETTS, and STATE OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>LOUIS DEJOY, *in his official capacity as United States Postmaster General*; ROBERT M. DUNCAN, *in his official capacity as Chairman of the Postal Service Board of Governors*; and the UNITED STATES POSTAL SERVICE,<br><br>Defendants. | No. 2:20-cv-4096 |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

In the middle of a pandemic, and with an election on the horizon, Defendants chose to overhaul how they transport, process, and deliver mail. The result of Defendants' operational changes means that, at a time of immense need, the Postal Service has been unable to provide the country with efficient service. Despite widespread public outrage, Defendants intend to leave these changes in place—including through the 2020 election. As a result, by Defendants' own doing, this case calls for urgent resolution. But Defendants nonetheless argue that the Plaintiff States' request for prompt disclosure of the information needed for an accounting of those changes is unreasonable, and instead say that Plaintiffs should just accept materials Defendants intend to produce in separate litigation and public statements. Those materials are insufficient. Plaintiff States' claims differ from those brought through other litigation and Defendants have not been forthcoming in the existing public materials about the facts surrounding the operational

changes that they have implemented. Plaintiffs' discovery requests, which are tailored to the issues in this case, are reasonable. The motion should be granted.

## ARGUMENT

Contrary to Defendants' claims, no alternative sources of information adequately substitute for responses to Plaintiffs' discovery requests. *See* Defs.' Response to Pls.' Motion for Expedited Disc. ("Defs.' Opp'n") at 3-5 (ECF No. 17). Unlike a parallel suit filed in Washington, this case focuses on just two changes to Postal Service operations: one instituted in July 2020 that eliminates the flexibility needed for Postal Service employees to complete timely processing, transportation, and delivery of the mail and one that would see the Postal Service depart from its practice of prioritizing Election Mail. Plaintiffs' requests are narrowly tailored to these two changes, but seek more specific information about each than has been requested in Washington.

For example, the Washington discovery request asks for documents related to the treatment of Election Mail in the November 2020 election, Defs.' Opp'n Ex. A (ECF No. 17-2) (Interrogatory No. 5 & Request for Production No. 1). Plaintiffs' requests, on the other hand, reach documents related to the treatment of Election Mail in prior election cycles, Pls. Mem. in Support of Mot. for Expedited Disc. ("Pls.' Mot.") Ex. 1 (ECF No. 14-2) (Requests for Production Nos. 11-13), which is relevant to whether Defendants' practices have changed. Likewise, the Washington discovery request asks for "policies, guidance, or practices concerning the timing of mail processing or delivery," Defs.' Opp'n Ex. A (Interrogatory No. 7 & Request for Production No. 1), while Plaintiffs have requested those materials and also "studies, reports, analyses, or data considered in deciding to implement [the] changes" and communications with Postal Service employees about the changes, Pls. Mot. Ex. 1 (Requests for Production Nos. 4, 5).

Plaintiffs have further requested specific information and documents discussed publicly by Defendants themselves, *e.g.*, *id.* (Requests for Production Nos. 8 & 9), which has not been requested in the Washington case. This information will support Plaintiffs' claim that Defendants unlawfully changed "the nature of postal services" in a way that "affect[ed] service on a nationwide or substantially nationwide basis." 39 U.S.C. § 3661(b). Where the requests have overlapping subject matter, Plaintiff States have no way to know whether Defendants' production in Washington will adequately respond to Plaintiff States' requests—especially when those plaintiffs have already narrowed their requests. Defs.' Opp'n at 2 n.1.

Defendants' voluntary productions to Congress also cannot replace responses to discovery requests in this litigation. For one, the information provided to Congress, including via Postmaster General DeJoy's testimony, has been inconsistent. *See* Pls.' Mot. at 6-7 (ECF No. 14-1). For another, very little appears to have been provided. Indeed, because Defendants have not been forthcoming with Congress, the House Committee on Oversight and Reform has subpoenaed Defendants. *See* Memorandum from Chairwoman Carolyn B. Maloney to Members of the Committee on Oversight and Reform (Aug. 31, 2020).[1] And there is no guarantee that what Defendants choose to share with Congress will give Plaintiffs "the fullest possible knowledge of the issues and facts" before any preliminary injunction hearing. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947). In fact, Defendants similarly opposed expedited discovery in Washington in part on the representation that a then-forthcoming report to Congress would resolve unanswered questions, Defs.' Opp'n to Pls.' Mot. for Expedited Disc. at 1, *Washington v. Trump*, No. 20-3127 (E.D. Wash. Aug. 25, 2020) (ECF No. 29), but the report ultimately revealed little, *see* USPS, Congressional Briefing: Transportation & Service Performance

---

[1] https://oversight.house.gov/sites/democrats.oversight.house.gov/files/documents/Subpoena%20Memo%20for%20Postal%20Service.pdf.

Updates (Aug. 31, 2020) (Ex. 16 to Mot. for Prelim. Inj.) (ECF No. 18-4). There is little reason to believe, then, that information to be given to Congress in the future can substitute for answers today. For similar reasons, declarations prepared to support Defendants' opposition to a motion for preliminary injunction in yet another case, Defs.' Opp'n. at 4, are insufficient substitutes for meaningful discovery.

Under different circumstances, Plaintiffs could afford to wait for other productions of information before seeking an answer to their own discovery request. Here, Plaintiffs do not have that luxury. Defendants' decision to change the transportation, processing, and delivery of mail—causing weeks of delays nationwide—comes at a time when a pandemic has made certain residents of Plaintiff States more reliant on the mail than ever and when Plaintiffs are about to begin administering the largest vote-by-mail election in our nation's history. And, contrary to Defendants' assertion, Defs.' Opp'n at 2, 8, the changes challenged by Plaintiffs have *not* been suspended or reversed but remain in place. *E.g.*, *Examining the Finances and Operations of the United States Postal Service During COVID-19 and Upcoming Elections Before the S. Comm. on Homeland Security & Governmental Affairs*, 116th Cong., at 32:28 (Aug. 21, 2020) (testimony of Postmaster General DeJoy)[2] (stating that change regarding extra trips would not be suspended); Pls. Mot. Ex. 5 (ECF No. 14-4) (Letter from Steven W. Monteith, Acting Chief Customer and Marketing Officer and Executive Vice President, stating that Election Mail will not be upgraded to First-Class if not sent with First-Class postage).

The information that Plaintiffs have requested about those two is reasonable. For example, while Defendants see requests for training materials relating to Election Mail dating back to 2012 as "insufficiently tailored," Defs.' Opp'n at 7, that period covers merely two

---

[2] Unofficial transcript available at: https://www.rev.com/blog/transcripts/senate-hearing-with-postmaster-general-louis-dejoy-august-21-transcript.

general and two midterm election cycles. For the remainder of the requests that Defendants believe are too broad, Plaintiffs are seeking documents from just a three-month period about a single set of changes to the operation of the Postal Service. And while Defendants worry about having to conduct comprehensive searches quickly, *see* Defs.' Opp'n at 6, Plaintiffs have repeatedly offered to meet and confer to identify the highest priority information. *See* Ex. A. Defendants, however, have not provided any meaningful response. *See id.* Instead, Defendants now insist conferring with Plaintiffs' counsel would have done little because, in Defendants' view, the discovery requests are too broad. Defs.' Opp'n at 7-8. No matter the universe of documents requested, there is no reason Defendants could not work with Plaintiffs to identify the highest priority items and streamline the discovery process.[3]

Plaintiffs seek discovery that is directly relevant to their now-filed motion for a preliminary injunction (ECF No. 18). Defendants argue that the existence of this motion undermines the need for expedited discovery. Defs.' Opp'n at 5-6. They took the opposite position in parallel litigation, arguing that the fact that plaintiffs in those cases had yet to move for injunctive relief warranted denying requests for expedited discovery. *See* Defs.' Opp'n to Pls.' Mot. for Expedited Disc. at 4-5 (ECF No. 29), *Washington, et al. v. Trump, et al.*, No. 20-3127 (E.D. Wa. Aug. 25, 2020); Defs.' Opp'n to Pls.' Mot. for Expedited Disc. at 8 (ECF. No. 25), *Nat'l Urb. League v. DeJoy*, No. 20-2391 (D. Md. Sept. 1, 2020). Moreover, if Defendants seek to challenge certain basic facts underlying Plaintiffs' claims—as suggested by their repeated reference to the "purported" changes they made to postal services—the need for expedited discovery is more pronounced. Publicly available facts establish the need for the preliminary relief that Plaintiffs have requested. But additional facts that come to light between now and any

---

[3] Plaintiffs have also requested a Rule 30(b)(6) deposition that could, if timely and fruitful, obviate the need for Defendants to answer certain of Plaintiffs' interrogatories.

decision from this Court on Plaintiffs' injunction motion still may be illuminating and subsequently presented to the Court. And because preliminary relief may be the only relief available before the election, it is essential for the parties, and the Court, to have all relevant facts available.

Finally, there is no concern about this Court's jurisdiction to order discovery. *See* Defs.' Opp'n at 8-9. Denying a motion for expedited discovery because of possible defenses would defeat the function of discovery altogether. In all cases, defendants could hint at conceivable arguments and avoid productions. In any event, the defenses Defendants allude to have no force. As described in the complaint, *see* Compl. ¶¶ 214-221 (ECF No. 1), and in support of the motion for a preliminary junction, *see* Mem. of Law at 41-50 (ECF No. 18-1), Plaintiff States already are being harmed—and will continue to be harmed without an injunction—because of the delays in mail service caused by Defendants' recent initiatives. So, Plaintiff States meet the injury component of the standing inquiry. Defendants also suggest jurisdictional problems because, they say, one of Plaintiff States' claims actually belongs before the Postal Regulatory Commission. Defs.' Opp'n at 9. That assertion is (1) wrong on its own terms, (2) misunderstands the relevant claim, and (3) ultimately beside the point for purposes of jurisdiction to order expedited discovery because it applies to just one of Plaintiffs' claims.

## CONCLUSION

For all these reasons, Plaintiffs' Motion for Expedited Discovery (ECF No. 14) should be granted.

September 3, 2020

Respectfully submitted,

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania
MICHAEL J. FISCHER (Pa. Bar. No. 322311)
Chief Deputy Attorney General

s/ *Aimee D. Thomson*
AIMEE D. THOMSON (Pa. Bar. No. 326328)
RYAN B. SMITH (Pa. Bar. No. 324643)
JACOB B. BOYER (Pa. Bar. No. 324396)
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 374-2787
athomson@attorneygeneral.gov
*Attorneys for Plaintiff Commonwealth of Pennsylvania*

XAVIER BECERRA
Attorney General
State of California
MICHAEL NEWMAN
Senior Assistant Attorney General
SUSAN SLAGER
Supervising Deputy Attorney General
MARISSA MALOUFF
ANTHONY O'BRIEN**
JASLEEN SINGH**
LISA C. EHRLICH**
Deputy Attorneys General
Office of the Attorney General for the State of California
455 Golden Gate Avenue, Suite 11000 San Francisco, CA 94102
(415) 510-3489
Lisa.Ehrlich@doj.ca.gov
*Attorneys for Plaintiff State of California*

KATHLEEN JENNINGS
Attorney General
State of Delaware
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
JILLIAN A. LAZAR
VANESSA L. KASSAB***
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
(302) 577-8600
Vanessa.Kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*

KARL A. RACINE
*Attorney General*
*District of Columbia*
KATHLEEN KONOPKA*
Deputy Attorney General, Public Advocacy Division
BRENDAN B. DOWNES*
Assistant Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th St. NW
Washington, DC 20001
(202) 724-6610
Kathleen.Konopka@dc.gov
*Attorneys for Plaintiff District of Columbia*

AARON M. FREY
Attorney General
State of Maine
SUSAN P. HERMAN**
Chief Deputy Attorney General
6 State House Station
Augusta, ME 04333-0006
T (207) 626-8814
susan.herman@maine.gov
*Attorneys for Plaintiff State of Maine*

| | |
|---|---|
| MAURA HEALEY | JOSHUA H. STEIN |
| Attorney General | Attorney General |
| Commonwealth of Massachusetts | State of North Carolina |
| DAVID C. KRAVITZ* | SRIPRIYA NARASIMHAN* |
| Deputy State Solicitor | Deputy General Counsel |
| Office of Attorney General Maura Healey | SARAH G. BOYCE* |
| One Ashburton Place, 20th Floor | Deputy Solicitor General |
| Boston, MA 02108 | North Carolina Department of Justice |
| (617) 963-2427 | 114 W. Edenton Street |
| david.kravitz@mass.gov | Raleigh, NC 27603 |
| *Attorneys for Plaintiff Commonwealth of Massachusetts* | (919) 716-6400 |
| | snarasimhan@ncdoj.gov |
| | *Attorneys for Plaintiff State of North Carolina* |

*\*Appearing pro hac vice (applications forthcoming or pending)*

*\*\*Appearing pro hac vice*

*\*\*\* Application for admission forthcoming*