**U.S. Department of Justice**
Civil Division, Federal Programs Branch

Kuntal Cholera
Trial Attorney

Tel.: (202) 305-8645
E-mail: kuntal.cholera@usdoj.gov

September 15, 2020

The Honorable Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 9613
Philadelphia, PA 19106

**Re: Plaintiffs' September 14, 2020 Discovery Motion (*Pennsylvania v. DeJoy*, No. 20-cv-4096).**

Dear Judge McHugh,

Plaintiffs' request for expedited 30(b)(6) depositions is impractical and unnecessary. Plaintiffs are among a collection of parties across at least six different district courts, all of whom are asserting related claims against the U.S. Postal Service ("USPS"), and most of whom are seeking expedited discovery. Thus far, two courts (including this Court) have authorized expedited discovery which includes interrogatories and document requests relevant to Plaintiffs' claims. Tomorrow, USPS will also participate in an evidentiary hearing before the Southern District of New York—for a matter involving claims nearly identical to Plaintiffs'—which will include live witness testimony. *See Jones v. USPS*, 20-cv-6516, ECF No. 37 (S.D.N.Y. Sept. 12, 2020). Given the competing demands on USPS's counsel and key personnel, and the wealth of relevant materials now available to Plaintiffs, the Court should deny Plaintiffs' motion to compel expedited 30(b)(6) depositions.

*First*, Plaintiffs' request is impractical. Plaintiffs seek expedited 30(b)(6) depositions this week, and possibly this coming weekend. But key witnesses who likely would be the USPS Rule 30(b)(6) designees will be occupied preparing for, and participating in, tomorrow's evidentiary hearing, and they must balance these duties with their standard work obligations. It is unclear how designees could be adequately prepared for a 30(b)(6) deposition under these circumstances. Additionally, these burdens are further magnified by the competing demands on USPS's resources, including Plaintiffs' other discovery requests which are far more burdensome than Plaintiffs suggest. These requests require custodial document collections and review, which will consume a significant amount of time. As the Third Circuit has recognized, the party responding to a Rule 30(b)(6) notice has an obligation to reasonably prepare its designees, and the failure to produce a prepared designee may subject to the party to sanctions under Rule 37. *See Black Horse Lane Assoc., L,P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). USPS takes its

obligation to reasonably prepare a designee seriously, and that preparation simply cannot take place under the expedited schedule Plaintiffs have proposed.

Plaintiffs protest that they served these discovery requests on August 28, 2020. But the Court did not authorize expedited discovery until September 4, 2020. And even then, it is unclear whether the Plaintiffs' sought, and whether the Court approved, any depositions. For example, in the conclusion of their expedited discovery memorandum, Plaintiffs note: "Plaintiffs' motion to expedite discovery should be granted and Defendants should be ordered to respond to Plaintiffs' interrogatories and requests for the production of documents (Ex. 1) within ten days from the date of the Court's order." ECF No. 14-1, at 13. They make no mention of depositions. Further, the Court never expressly ordered Defendants to produce witnesses for any depositions, and Defendants never voluntarily agreed to them.

*Second*, Plaintiffs fail to articulate any marginal benefit to their requested depositions, much less a benefit sufficient to warrant the burden these depositions would impose. Contrary to Plaintiffs' representations, their claims are materially identical to those in the related cases.[1] All of these cases also rely upon the same underlying factual allegations, and thus the impending Southern District of New York hearing ought to provide Plaintiffs with adequate testimonial evidence. Notably, it is anticipated that the witnesses at the SDNY hearing will be some of, if not the most, knowledgeable USPS employees about the various issues in the litigation. Accordingly, any concerns about bandying are misplaced, *Black Horse Lane Assoc.*, 228 F.3d at 304, and any incremental benefit from a Rule 30(b)(6) deposition under the circumstances is questionable at best. Indeed, Plaintiffs fail to identify, with precision, what material information they may gain from their requested depositions that they cannot access through other means, and how this information is necessary for them to litigate their preliminary injunction motion (which will be fully briefed once Plaintiffs file their reply today, see ECF No. 30).

Plaintiffs do not dispute that they have served interrogatories that almost completely overlap with their proposed Rule 30(b)(6) topics. Rather, they argue that despite that overlap, they are entitled to determine how to conduct discovery. That is both true and beside the point. Rule 26 requires discovery to be proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Proportionality turns on, among other things, whether the party seeking the discovery otherwise has access to the information, the importance of the information in resolving the issue, and whether the burden outweighs the likely benefit. *Id.* Indeed, Rule 26(c) specifically provides that the Court may "prescrib[e] a discovery method other than that selected by the party seeking discovery[.]" Here, where Plaintiffs will be receiving interrogatory responses on Friday, and have access to the evidentiary hearing taking place tomorrow, Plaintiffs cannot establish why a duplicative Rule 30(b)(6) deposition is proportionate to the needs of the case.

---

[1] All of these cases involve the same material allegations, and contain some combination of the following three claims: that the alleged USPS policy changes (i) failed to follow the required process under 39 U.S.C. § 3661, (ii) violates the authority of State legislatures under the Elections Clause, and (iii) burdens citizens' right to vote. *See, e.g.*, *Pennsylvania v. DeJoy*, 20-cv-4096, ECF No. 1 (E.D. Pa. Aug. 21, 2020); *Jones v. USPS*, 20-cv-6516, ECF No. 1 (S.D.N.Y. Aug. 17, 2020); *Washington v. Trump*, 20-cv-3127, ECF No. 1 (E.D. Wash. Aug. 18, 2020); *NAACP v. USPS*, 20-cv-2295, ECF No. 1 (D.D.C. Aug. 20, 2020).

Plaintiffs contend that events in other litigations should not impact what Plaintiffs are entitled to here. But this argument proves too much, since *each* party in *each* litigation can make the same argument, and thus secure the same breadth of discovery. USPS would ultimately get bogged down in dozens of overlapping and wasteful depositions and custodial document reviews.

The Court should thus decline Plaintiffs' motion to compel. If the Court is inclined to authorize depositions here, however, Defendants request that the Court stay these depositions. The plaintiffs in two cases before the District Court for the District of Columbia are likewise seeking Rule 30(b)(6) depositions.[2] If that court ultimately authorizes depositions, Defendants will seek to coordinate among all interested parties to ensure that relevant witnesses do not have to sit for multiple, duplicative depositions.

Counsel for USPS may address any questions the Court may have during today's 4:00 p.m. telephone conference.

Respectfully submitted,

/s/ Kuntal Cholera
Kuntal V. Cholera

CC: All Counsel of record via ECF.

[2] *See* Motion for Expedited Discovery, *Vote Forward v. DeJoy*, 20-cv-2405, ECF No. 20 (D.D.C. Sept. 14, 2020); Motion for Expedited Discovery, *New York v. Trump*, 20-cv-2340, ECF No. 38-1 (D.D.C. Sept. 14, 2020).