

Josh Shapiro
Attorney General

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
HARRISBURG, PA 17120

1600 Arch St.
Suite 300
Philadelphia, PA 19103
(215) 560-2402

September 16, 2020

The Honorable Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 9613
Philadelphia, PA 19106

*By Electronic Filing*

**Re: *Pennsylvania et al. v. DeJoy et al.*, No. 2:20-cv-04096-GAM**

Dear Judge McHugh:

Plaintiffs write pursuant to this Court's Guidelines for Counsel to update the Court on recent development relating to Defendants' refusal to produce a witness for Plaintiffs' noticed Rule 30(b)(6) deposition. In light of these developments, Plaintiffs respectfully request that the telephone conference currently scheduled for Monday, September 21, 2020, at 10 a.m. be held on Thursday, September 17, or Friday, September 18, so that, if the Court permits the deposition to proceed, Plaintiffs may conduct it early next week without unnecessarily delaying the scheduled hearing on their motion for a preliminary injunction.

First, last evening Defendants produced two supplemental declarations by Postal Service employees Robert Cintron and Angela Curtis indicating that material factual statements previously presented to this Court are false. *See* Suppl. Robert Cintron Decl. (ECF No. 46-1) (Ex. A); Suppl. Angela Curtis Decl. (ECF No. 46-2) (Ex. B). As the Court is aware, Plaintiffs have alleged that, in July 2020, the Postal Service made changes to transportation and delivery operations that prioritized adherence to schedules over the Postal Service's longstanding commitment to moving every piece of mail forward every day. Among other evidence, Plaintiffs presented a Mandatory Stand-Up Talk (Ex. 1, ECF No. 18-3) and a PowerPoint of "[Postmaster General's] Expectations" (Ex. 2, ECF No. 18-3) that articulated these changes. Defendants responded by presenting sworn declarations stating that these two documents were prepared by low-level local managers and did not reflect official USPS guidance or direction. Curtis Decl. ¶ 24 n.1 (ECF No. 37-1); Cintron Decl. ¶ 24 n.1 (ECF No. 37-1).

Defendants' supplemental declarations now explain that the Mandatory Stand-Up Talk, at minimum, was prepared by an Area Vice-President and reflected statements made during a July

10 teleconference between "members of [Postal Service] Headquarters"[1] and Area Vice Presidents. Suppl. Cintron Decl. ¶ 3; Suppl. Curtis Decl. ¶ 3. Neither Mr. Cintron nor Ms. Curtis explains in their supplemental declaration why they made no mention of the July 10 teleconference (which they both have acknowledged participating in) in their initial declarations, while asserting that the Stand-Up Talk developed following that teleconference "does not represent official Postal Service guidance or direction." As the Court indicated during yesterday's telephone hearing, the provenance of the Stand-Up Talk is a critical issue in this case. The fact that Defendants have already been forced to correct inaccurate statements made by two of their declarants regarding that document shows why depositions are necessary.

Second, it is now evident that the hearings taking place in *Jones v. USPS* (No. 20-6516 S.D.N.Y.) and *Washington v. Trump* (No. 20-3127 E.D. Wa.) cannot substitute for the noticed Rule 30(b)(6) deposition. As an initial matter, Defendants confirmed yesterday, following the teleconference in this matter, that the hearing to be held tomorrow in *Washington* will not feature live witness testimony. The hearing in *Jones* was held today, and featured three witnesses for Defendants: Mr. Cintron, Ms. Curtis, and Robert Glass. None of these witnesses was asked about many important topics relating to this case, including:

- Who, other than Mr. Cintron, were the "members of Headquarters" who participated in the July 10 teleconference;
- What exactly was communicated during that teleconference and by whom;
- Which parts of the Mandatory Stand-Up Talk reflect statements made during the July 10 teleconference;
- Exactly what Headquarters has subsequently caused to be communicated to the field about late trips, extra trips, overtime, and letter carrier start and return times;
- The Postal Service's policy with regards to letter carrier start and stop time and whether there have been any changes;
- The Postal Service's policy with regards to approving overtime "as needed" and whether there were any changes in this policy;
- The reorganization of the Postal Service;
- Statements made by Postmaster General DeJoy in his sworn testimony, including his statement that he "directed the postal service operations team to develop and execute on a plan to improve our adherence to the transportation schedule";
- Any analyses or studies the Postal Service has conducted or commissioned regarding impacts on mail services in relation to the July 2020 changes;
- Whether anyone thought to bring these changes before the Postal Regulatory Commission;
- Who was involved in preparing and reviewing the vote-by-mail postcard (Pls. Reply App'x, Ex. C to Ex. 53, ECF No. 47-1);
- Why the Postal Service did not consult with the States prior to sending the vote-by-mail postcard to every residential address and P.O. Box;

---

[1] Neither supplemental declaration identifies any of the "members of Headquarters" who participated in this call. Mr. Cintron acknowledged today in the *Jones* hearing that he was on the call, and Ms. Curtis participated in her capacity as an Acting Area Vice President.

- Why the Postal Service chose to send the same postcard to all 50 states, despite knowing that each state has different elections laws;
- What other media outreach the Postal Service plans to do about Election Mail; and
- Whether the Postal Service will consult with the States on further Election Mail-related outreach to avoid further confusion.

During yesterday's telephone hearing in this case, Defendants justified their refusal to produce a witness for deposition by pointing to the number of cases filed regarding similar issues. But the reality is that, in only two of these cases—*Jones* and this case—has an evidentiary hearing been conducted or scheduled. (A hearing will be held in a third case filed by Colorado that relates only to the vote-by-mail postcard.) And in only two cases—*Washington* and this case—have plaintiffs been permitted to conduct discovery. Defendants are resisting efforts at discovery in all other cases and, if successful, will avoid having any of their witnesses subject to deposition prior to decisions on all motions for a preliminary injunction.

The below chart lists all other related cases of which Plaintiffs are aware:

| **Case** | **Complaint** | **Discovery** | **Prelim. Inj.** | **Hearing** |
|---|---|---|---|---|
| *Jones v. USPS* (No. 20-6516, S.D.N.Y.) | Sept. 9 (amended) | No motion | Sept. 2, motion; Sept. 8, opp.; Sept. 10, reply | Sept. 16 (evidentiary) |
| *Richardson v. Trump* (No. 20-2262, D.D.C.) | Sept. 11 (amended) | Sept. 8, renewed; Sept. 14, opp.; Sept. 20, reply due | Aug. 20, motion; Sept. 15, opp. | N |
| *Nat'l Urban League v. DeJoy* (No. 20-2391, D.Md.) | Aug. 18 | Limited to discovery produced in other cases | No motion | N |
| *Washington v. Trump* (No. 20-3127, E.D. Wa.) | Aug. 18 | Produced in full (238 docs) | Sept. 9, motion; Sept. 15, opp.; Sept. 16, reply due | Sept. 17 (no testimony) |
| *Johnakin v. USPS* (No. 20-4055, E.D. Pa.) | Aug. 19 | No motion | No motion | N |
| *NAACP v. USPS* (No. 20-2295, D.D.C.) | Aug. 20 | No motion | Sept. 1, motion; Sept. 11, opp.; Sept. 16, reply due | N |
| *New York v. Trump* (No. 20-2340, D.D.C.) | Aug. 25 | Sept. 14, motion; Sept. 18, opp. due; Sept. 23, reply due | Sept. 2, motion; Sept. 18, opp.; Sept. 23, reply due | N |
| *Vote Forward v. DeJoy* (No. 20-2405, D.D.C.) | Sept. 8 (amended) | Sept. 14, motion | Sept. 8, motion; Sept. 15, opp.; Sept. 20, reply due | N |
| *Bullock v. USPS* (No. 20-79, D. Mont.) | Sept. 8 | No motion | Sept. 11, motion | N |

| | | | | |
|---|---|---|---|---|
| **Colorado v. DeJoy* *<br>(No. 20-2768 D.Co.) | Sept. 12 | No motion | Sept. 12, motion;<br>Sept. 15, opp. | Sept. 18<br>(evidentiary) |

\* Before the same judge; ordered to coordinate any discovery with other D.D.C. cases
\*\* Challenge only to vote-by-mail postcard mailed to Colorado voters

The noticed deposition will not unduly burden Defendants and is necessary for Plaintiffs to be able to present their case at the scheduled hearing next week, particularly in light of the conflicting and incomplete statements made by Defendants' employees in their declarations. Defendants do not currently have an obligation to produce additional discovery in any other case involving the Postal Service, and the only other scheduled evidentiary hearing is limited to the vote-by-mail postcards mailed to Colorado voters.

Plaintiffs respectfully request that the Court hold a telephone conference this week on this matter and require Defendants to produce a designee or designee(s) to appear for deposition prior to the hearing scheduled for September 22.

Respectfully submitted,

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

/s *Michael J. Fischer*
MICHAEL J. FISCHER (Pa. Bar. No. 322311)
Chief Deputy Attorney General
AIMEE D. THOMSON (Pa. Bar. No. 326328)
RYAN B. SMITH (Pa. Bar. No. 324643)
JACOB B. BOYER (Pa. Bar. No. 324396)
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 374-2787
athomson@attorneygeneral.gov
*Attorneys for Plaintiffs*

cc (by ECF): Counsel of Record