UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**Commonwealth of Pennsylvania, State of California, State of Delaware, District of Columbia, State of Maine, Commonwealth of Massachussetts, and State of North Carolina**,

Plaintiffs,

v.

**Louis DeJoy, in his official capacity as United States Postmaster General, Robert M. Duncan, in his official capacity as Chairman of the Postal Service Board of Governors, and the United States Postal Service**,

Defendants.

Case No. 20-cv-4096

### JOINT MOTION FOR THE ENTRY OF A FED. R. EVID. 502(D) ORDER

The parties have negotiated and herby jointly move for a Federal Rule of Evidence 502(d) Order. The parties anticipate that discovery may require the disclosure of confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, including information protected from disclosure pursuant to 39 U.S.C. § 410(c)(2), 18 U.S.C. § 1905, and/or 5 U.S.C. § 552a. Accordingly, at the parties' joint request, the Court entered a protective order to permit Defendants to produce such records in the above captioned litigation and to prevent unnecessary disclosure or dissemination of such information. Further, to guard against the risk of inadvertent waiver of any applicable privileges or protections, the parties have conferred and agree on a procedure to assert and preserve claims of privilege after production pursuant to Federal Rule of Evidence 502(d). The parties' agreement is contained in the attached Proposed Federal Rule of Evidence 502(d) Order.

The parties, therefore, request that the Court enter the Federal Rule of Evidence 502(d) Order that they have negotiated and attached to this motion.

Dated: September 18, 2020

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania
MICHAEL J. FISCHER (Pa. Bar. No. 322311)
Chief Deputy Attorney General

 s/ *Aimee D. Thomson*
AIMEE D. THOMSON (Pa. Bar. No. 326328)
RYAN B. SMITH (Pa. Bar. No. 324643)
JACOB B. BOYER (Pa. Bar. No. 324396)
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 374-2787
athomson@attorneygeneral.gov

*Attorneys for Plaintiffs*

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director
Federal Programs Branch

*/s/ Kuntal V. Cholera*
KUNTAL V. CHOLERA
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-8645
E-mail: Kuntal.cholera@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Commonwealth of Pennsylvania, State of California, State of Delaware, District of Columbia, State of Maine, Commonwealth of Massachussetts, and State of North Carolina**,<br><br>Plaintiffs,<br><br>v.<br><br>**Louis DeJoy, in his official capacity as United States Postmaster General, Robert M. Duncan, in his official capacity as Chairman of the Postal Service Board of Governors, and the United States Postal Service**,<br><br>Defendants. | Case No. 20-cv-4096 |

**(PROPOSED) FED. R. EVID. 502(D) ORDER**

Upon consideration of the parties' joint motion pursuant to Federal Rule of Evidence 502(d) for entry of an order governing the inadvertent production of documents that may be privileged or protected, it is hereby **ORDERED** as follows:

## I. NO WAIVER BY DISCLOSURE

1. The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by the Protective Order in this case, Federal Rule of Civil Procedure 26(b), and governmental privileges including any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or

regulation, to require protection against unauthorized disclosure for reasons of national security. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

2. This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**II. DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

**III. PROCEDURES**

The procedures applicable to a claim of privilege with respect to a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and then return the document or destroy it and certify that it has been destroyed to the producing

party. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

4. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered – and if applicable securely stored – and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the case of the inadvertent disclosure of information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security additional procedures may be required as specified by the United States Government.

**SO ORDERED**.

Dated: _____ _____
GERALD AUSTIN McHUGH
United States District Judge