

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

---

Kuntal Cholera  　　　　　　　　　　　　　　　　　　　　　　　　　Tel.: (202) 305-8645
Trial Attorney  　　　　　　　　　　　　　　　　　　　　　E-mail: kuntal.cholera@usdoj.gov

September 18, 2020

The Honorable Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 9613
Philadelphia, PA 19106

　　　Re:　**Preliminary Injunction Hearing and Request for Teleconference (*Pennsylvania v. DeJoy*, No. 20-cv-4096).**

Dear Judge McHugh,

　　　The Court has scheduled a preliminary injunction hearing for September 22, 2020. *See* ECF No. 35. During the September 17, 2020 telephonic hearing, the Court indicated that parties would be permitted to cross-examine witnesses during the September 22 hearing, and that the Court would consider whether a deposition before the hearing may be permitted. In light of recent developments discussed below, Defendants hereby request that the Court hold a preliminary injunction hearing on September 22, 2020 where the parties will provide oral argument, and otherwise rely upon their submissions (including declarations and exhibits). The Court should not authorize the examination of witnesses.

　　　*First*, authorizing cross-examinations of USPS employees would impose a significant burden, in light of the circumstances. To date, USPS has not been informed of the USPS personnel Plaintiffs want to cross-examine, thus raising potential scheduling challenges, along with challenges over preparation (with the same witnesses who may have to implement the operational changes concerning a nationwide preliminary injunction ordered in parallel litigation, described below).

　　　This burden is magnified in light of recent litigation developments. Following the September 17 telephonic hearing, the U.S. District Court for the Eastern District of Washington issued a preliminary injunction in a related case (*Washington v. Trump*, 20-cv-3127). The Eastern District of Washington imposed a nationwide injunction, imposing a number of requirements on USPS (attached as Exhibit A). In light of the operational tasks involved in assessing this order, any examination, or deposition, of key personnel of the United States Postal Service would impose a significant burden. USPS personnel must assess the scope of the order, and currently must implement the preliminary injunction order nationwide, which will require

significant coordination and oversight.[1] Defendants thus request that the Court decline to allow witness examination during the September 22 hearing—which would consume significant time from key personnel precisely when they must commit their time to complying with an order of another court – indeed, an order that is nationwide in scope and implements much (if not all) of the relief Plaintiffs seek in this case.

*Second*, cross-examinations are unnecessary to resolve the preliminary injunction motion. Defendants raise a number of purely legal objections which would justify denial of the preliminary injunction motion even if the Court were to agree with Plaintiffs on the material facts. Additionally, the parties have submitted ample evidence, and at least one other court has been able to resolve the relevant issues on the papers. Indeed, USPS will forfeit its right to cross-examine Plaintiffs' witnesses as well.

If the Court authorizes Plaintiffs to take a deposition before the hearing, that would further support eliminating cross-examinations from the hearing. USPS requests a telephonic hearing today, or as soon as possible to discuss the matter, if helpful to the Court.

           Respectfully submitted,

           /s/ Kuntal Cholera
           Kuntal V. Cholera

CC: All Counsel of record via ECF.

---

[1] Even if USPS appeals the preliminary injunction order, or seeks a full or partial stay pending appeal, the preliminary injunction is currently in place, and thus USPS must address it absent further relief.