**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Commonwealth of Pennsylvania, *et al*, <br><br> Plaintiff, <br><br> v. <br><br> DeJoy, *et al.*, <br><br> Defendants. | Civil Docket No. 20-cv-4096 |

## JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER

The parties, by and through their undersigned counsel, respectfully moves that the Court enter the following Protective Order.

Pursuant to Federal Rule of Civil Procedure 26(c), the parties jointly request entry of a protective order to permit Defendant United States Postal Service to disclose certain confidential information.

Defendants have offered to provide Plaintiffs discovery responses that are to be produced in related litigation currently in the Eastern District of Washington. *See State of Washington v. Trump*, No. 1:20-CV-03127-SAB (E.D. Wash). Defendants have determined that some of the information responsive those discovery requests likely contain confidential commercial information protected from general release pursuant to 39 U.S.C. § 410(c)(2), which "protects information of a commercial nature . . . which under good business practice would not be publicly disclosed." Responsive records may also contain information covered by the Trade Secrets Act. This information was provided to Congress upon the request that it be kept confidential. The Trade Secrets Act provides for the imposition of penalties on government

employees who disclose, in a manner not authorized by law, certain types of business information that is revealed to the employee in performance of official duties. *See* 18 U.S.C. § 1905. Information protected by the Trade Secrets Act may be disclosed subject to a protective order entered by a court. *See Agility Pub. Warehousing Co. K.S.C., v. U.S. Dep't of Defense*, 110 F. Supp. 3d 215, 228-29 (D.D.C. 2015).

The parties therefore jointly move for entry of a Protective Order ("Order"), filed as the proposed order to this Motion, to protect confidential documents and information that may be produced as part of this litigation and to set forth mandatory procedures for persons who receive or review documents or information produced subject to this Order.

Prompt entry of a Protective Order would ensure the efficient and prompt production of responsive records in this action.

Dated: September 8, 2020        Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Kuntal Cholera*
KUNTAL CHOLERA
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Counsel for Defendants*


JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

MICHAEL J. FISCHER (Pa. Bar. No. 322311)
Chief Deputy Attorney General

s/ Aimee D. Thomson
AIMEE D. THOMSON (Pa. Bar. No. 326328)
RYAN B. SMITH (Pa. Bar. No. 324643)
JACOB B. BOYER (Pa. Bar. No. 324396)
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 374-2787
athomson@attorneygeneral.gov

*Attorneys for Plaintiff States*

## **[PROPOSED] ORDER**

1. In the above-enumerated case (this "Action"), Defendants have agreed to produce to Plaintiffs documents that are responsive to requests for expedited discovery filed in a parallel case pending in the Eastern District of Washington. Such documents are referred to herein as the "Expedited Discovery Response."

2. The Court hereby enters this Protective Order ("Order") to protect confidential documents and information that may be produced as part of the Expedited Discovery Response, or as otherwise required, in the course of the proceedings in this Action and to set forth mandatory procedures for persons who receive or review documents or information produced subject to this Order.

3. <u>Confidential Information</u>. USPS and its counsel are hereby authorized to release confidential business information that is contained in the Expedited Discovery Response.

4. <u>Definitions</u>.

   a. <u>Covered Documents</u>. Those documents in the Expedited Discovery Response, or as otherwise required in the course of proceedings in this Action, that USPS or its counsel identifies as containing confidential business information by the designation "Confidential" are hereinafter referred to as "Covered Documents."

   b. <u>Covered Information</u>. All information that USPS or its counsel identifies as being confidential business information as well as any information derived solely from Covered Documents, even if incorporated in another document, pleading, or referred to in testimony, is hereinafter referred to as "Covered Information."

5. <u>Designations of Information as "Confidential"</u>. USPS will designate as "Confidential" only the material that it determines is confidential business information. If only

some of the information on a page is confidential, then USPS will indicate which part is confidential and protected by this Order. If all the information on a page contains confidential business information, then USPS will designate the whole page as "confidential."

      6.      <u>Explanation of "Confidential" Designations or Redactions</u>. If Plaintiffs' counsel, in good faith after reviewing the Expedited Discovery Response, notifies USPS which confidentiality designations or redactions are either not self-evident from the context of the Expedited Discovery Response or are challenged as not being confidential or properly redacted, USPS will promptly provide to Plaintiffs' counsel explanations of the nature of any Redacted Information, and reasons that it believes that Covered Documents, Covered Information, or Redacted Information require confidentiality.

      7.      <u>Persons to Whom Disclosures May Be Made</u>. Disclosure of Covered Documents or Covered Information in the Expedited Discovery Response by Plaintiffs' counsel is strictly limited to

    a. the Court; the Court's staff; court reporters;

    b. the Department of Justice;

    c. Plaintiffs' counsel, including associated personnel necessary to assist Plaintiffs' counsel in this litigation, such as litigation assistants, paralegals, secretarial or other clerical personnel, and litigation support services, including outside copying services;

    d. experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      e. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

      f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>Nondisclosure of Covered Documents and Covered Information</u>. Plaintiffs' counsel may use Covered Documents or Covered Information produced subject to this Order only for the purpose of this litigation (and all appeals thereof).

9. <u>Covered Documents and Covered Information To Be Returned</u>. Plaintiffs' counsel shall return or destroy any and all Covered Documents or Covered Information to USPS's counsel within ten (10) business days following the termination of this Action (including any appeals hereof). Any work product created or filed by Plaintiffs' counsel that contain Covered Documents or Covered Information and are retained by Plaintiffs' counsel as part of their litigation files remain subject to the terms of this Order.

10. <u>Covered Documents and Covered Information To Be Filed Under Seal</u>. Those portions of any filings with the Court that include Covered Documents or Covered Information produced subject to this Order shall be made under seal pursuant to the applicable rules of the Court.

11. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

12. <u>Dispute Resolution</u>. In the event that any party to this Action disagrees at any stage of these proceedings with the designation of Covered Documents or Covered Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. If a party seeks to reference or introduce, during a hearing in Court, content designated as confidential under this protective order, the party may challenge the designation for the document(s) containing the content at issue and request resolution of the challenge prior to the hearing. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

13. <u>Continued Effect</u>. Insofar as the provisions of this Order restrict the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

14. <u>Unauthorized Disclosure</u>. Should any Covered Documents or Covered Information be disclosed, through inadvertence or otherwise, to any person not authorized to receive same

under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. In particular, the disclosing party shall (a) promptly inform such person in writing of all the provisions of this Order and use its best efforts to immediately retrieve all copies of the Covered Documents or Covered Information; (b) simultaneously serve, by electronic mail upon the USPS, copies of the inadvertently disclosed material or a full description of the inadvertently disclosed material; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A. The executed agreement shall promptly be served by electronic mail upon the USPS.

15. <u>Nonparty Demand</u>. If either party to this Action receives or is served with a third-party subpoena, request for production, or some other legal demand seeking Covered Documents or Covered Information, that party shall give prompt actual written notice, within ten (10) days of receipt of such subpoena, demand, or legal process, to the opposing party. USPS may then object to the production of the Covered Documents or Covered Information to the extent permitted by law. Should the third-party seeking access to the Covered Documents or Covered Information take action to enforce such a subpoena, demand or other legal process, USPS has the affirmative obligation to initiate (or intervene in) a judicial proceeding to defend and substantiate any claim that the Covered Documents or Covered Information is not subject to disclosure.

16. Nothing in this Order shall bar amendment of this Order by agreement of the parties or by Order of the Court. Any such amendment made by agreement of the parties shall be made in writing.

17. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

18. The parties agree to submit this Order for entry by the Court and to be bound by its terms while waiting its entry by the Court.

19. Nothing in this Order shall be construed as prohibiting or otherwise restricting USPS' own use or disclosure of Covered Documents or Covered Information subject to this Order, including disclosure to the Department of Justice.

20. The court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

IT IS SO ORDERED.

DATED: 9/18/20                    By: /s/ Gerald Austin McHugh
                                  UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

### **Acknowledgment and Agreement to be Bound**

a.       My name is_____. I am over the age of twenty-one years, of sound mind and capable of making this Affidavit. I am personally acquainted with the facts stated herein and know them to be true and correct. I have never been convicted of a felony or a crime involving moral turpitude.

b.       My address is _____.

c.       My present occupation is _____, and I am currently employed by_____.

d.       I have received a copy of the Protective Order in this Action, and have carefully read and understand its provisions.

e.       I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action, any "Covered Documents or Covered Information" (as those terms are defined in the Protective Order) which I receive in this Action.

f.       I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

g.       I declare under penalty of perjury that the foregoing is true and correct.

Date:

City and State where sworn and signed:

Printed name:

Signature: