IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, ET AL. : : : v. : LOUIS DeJOY : *IN HIS OFFICIAL CAPACITY AS* : *UNITED STATES POSTMASTER GENERAL,* : ET AL. : | CIVIL ACTION NO. 20-4096 |

### MEMORANDUM

**McHUGH, J.**                                                                                       **October 9, 2020**

Defendants have moved for Clarification and/or Reconsideration (ECF 66) of this Court's Order of September 28, 2020, granting in part Plaintiffs' Motion for a Preliminary Injunction (ECF 63). Specifically, Defendants contend that some aspects of the Court's order, notably ¶ 1, ¶ 4b, ¶ 4c, and ¶ 4d, might be interpreted in a way that could spur confusion and lead to an overall degradation in service. *See* Defs. Mot. for Clarification and/or Recons. at 2.

As Defendants requested, a telephonic hearing took place on October 6, 2020, followed by a number of hearings on October 8, 2020 and October 9, 2020, in an attempt to guide and facilitate further discussion by the parties. The parties conferred and were able to reach agreement on some, but not all, issues.

"[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). Moreover, under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of

1

judgment adjudicating all the claims and all the parties' rights and liabilities." Given the fast-approaching November 3, 2020 election and the Postal Service's concern that the immediate implementation of certain provisions of this Court's September 28, 2020 Order might cause unnecessary confusion around Postal Service operations, good cause exists to clarify the way in which those provisions shall be implemented in the immediate future. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (noting that courts "should pay particular regard to the public consequences in employing the extraordinary remedy of the injunction.").

      As an initial matter, I note that I have taken care to co-ordinate my orders with the orders entered by other judges. To that end, I have now specifically incorporated two subsequent orders from the Southern District of New York. Conversely, because I have now approved specific instructions for implementation of my order, in order to avoid potential ambiguity or confusion, I am vacating the previous reference to the Eastern District of Washington in paragraph 3 of the September 28, 2020 Order.

      The Order of Clarification issued today incorporates most of the language on which the parties have mutually agreed, together with additional language I am persuaded is warranted both to meet Defendants' operational needs and provide specific guidance with respect to compliance with my order.

<u>/s/Gerald Austin McHugh</u>
United States District Judge