UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Commonwealth of Pennsylvania, State of California, State of Delaware, District of Columbia, State of Maine, Commonwealth of Massachussetts, and State of North Carolina**,<br><br>Plaintiffs,<br><br>v.<br><br>**Louis DeJoy, in his official capacity as United States Postmaster General, Robert M. Duncan, in his official capacity as Chairman of the Postal Service Board of Governors, and the United States Postal Service**,<br><br>Defendants. | Case No. 20-cv-4096 |

NOTICE OF REPORTS

Pursuant to paragraphs 2 and 5 of the Court's preliminary injunction, *see* ECF No. 63, Defendants hereby provide the Court with certain reports requested by both this Court and the U.S. District Court for the Southern District of New York in the matter *Jones v. United States Postal Service*, No. 20 Civ. 6516 (S.D.N.Y. Sept. 25, 2020) (Marerro, J.).

Exhibit A contains certain reasonably available overtime data collected in response to the request for "[t]he rate that the Postal Service incurred overtime, starting October 2, 2020, as a percentage of total work hours nationwide and as a percentage of total work hours within the two regional processing operations areas and four retail and delivery operations areas." The Postal Service must make two points concerning this data. First, undersigned counsel has been informed that, given how overtime data is maintained at the Postal Service, Exhibit A contains only an *estimate* of overtime usage from October 2, 2020 to October 8, 2020 and this data is subject to

1

change. Specifically, the Postal Service maintains overtime data based on pay cycles, and the data for any particular pay cycle may only be finalized the following week. Thus, the Postal Service currently has overtime data for the pay cycle from September 26, 2020 to October 9, 2020—a subset of which is reflected in Exhibit A—but this data will only be finalized on or around October 15, 2020.[1] This issue will arise for the data reports the Postal Service must submit on October 16, October 23, and October 30. The Court may consider two possible options to account for this issue: *(i)* after each submission to the Court, the Postal Service may follow-up with finalized data, or *(ii)* the Court may request only that, on each submission date, the Postal Service provide finalized data from the *previous* pay cycle (*e.g.*, on October 16, 2020, the Postal Service would provide finalized overtime data for the pay cycle ending on October 9, 2020).

The second point concerning the data in Exhibit A relates to the Court's request for overtime hours "as a percentage of total work hours *within the two regional processing operations areas and four retail and delivery operations areas*." The Court appears to request data based on the Postal Service's post-reorganization regional structure. However, undersigned counsel has been informed that the system that houses the Postal Service's overtime data is currently configured based on the Postal Service's prior organizational structure and will only be updated in November 2020. Thus, Exhibit A contains relevant overtime data based on the prior organizational structure. The Postal Service, in theory, could manually modify the data so it conforms with the new organizational structure, but this process could be quite labor intensive. The Postal Service thus respectfully requests that the Court allow the Postal Service to submit the data in the form

---

[1] For an example of how finalized data may differ from the data the Postal Service has now: rural and certain smaller offices do not electronically store, in the Postal Service's centralized database, overtime data in real-time, but rather may submit this data around when the pay cycle data is finalized. Thus, the Postal Service's current overtime data for October 2, 2020 to October 9, 2020 does not include overtime data from these offices.

maintained in its system, or otherwise allow the Postal Service a reasonable amount of time to modify the data in a manner consistent with the Court's instruction.

Finally, Exhibit B contains reasonably available data collected in response to the Court's request for "[t]he number of late and extra trips taken by Network & Local PVS & HCR, starting October 2, 2020," and Exhibit C contains the data submissions made today by the Postal Service in the *Jones* matter before the Southern District of New York.

Dated: October 9, 2020

        Respectfully submitted,

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

        ERIC WOMACK
        Assistant Branch Director, Federal Programs Branch

        */s/* Kuntal Cholera
        KUNTAL V. CHOLERA
        Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, D.C. 20005
        kuntal.cholera@usdoj.gov

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all users receiving ECF notices for this case.

                                      */s/* Kuntal Cholera

                                      Kuntal V. Cholera
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      1100 L Street, NW
                                      Washington, D.C. 20005

                                      Attorney for Defendants