

JOSH SHAPIRO
ATTORNEY GENERAL

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
HARRISBURG, PA 17120

1600 ARCH ST.
SUITE 300
PHILADELPHIA, PA 19103
(215) 560-2402

October 13, 2020

The Honorable Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 9613
Philadelphia, PA 19106

*By Electronic Filing*

      Re: *Pennsylvania et al. v. DeJoy et al.*, No. 2:20-cv-04096-GAM

Dear Judge McHugh:

      Plaintiffs write to inform the Court that David C. Williams, former Inspector General for the Postal Service, has agreed to serve as an independent monitor in this matter if so appointed by the Court. After serving as Inspector General for four other government agencies, Mr. Williams was appointed Inspector General for USPS in 2003 and remained in that position until 2016. He subsequently served as Vice Chair of the Postal Service Board of Governors from 2018 until 2020. In the latter role, he served as Chair of the Board's Operations Subcommittee.[1] Due to his extensive experience with the Postal Service—and in particular his lengthy tenure as Inspector General, where he oversaw audits and investigations of virtually all aspects of USPS's operations—Mr. Williams is ideally suited to serve as an independent monitor. Indeed, given the extent of his experience with the Postal Service, Mr. Williams should require no additional time to familiarize himself with postal operations and will be able to immediately begin monitoring the Postal Service's compliance with the Court's injunction and reporting to the Court.

      Defendants have informed Plaintiffs that they oppose Plaintiffs' request for a court-appointed monitor.

      Plaintiffs respectfully submit that a monitor is appropriate to ensure Defendants' compliance with this Court's preliminary injunction. In entering the injunction, the Court found that Plaintiffs would likely succeed on their claim that Defendants had made changes in the nature of postal services that had affected service nationwide, without first seeking an opinion from the Postal Regulatory Commission. Those changes had a meaningful impact on service: as the Court found, performance had declined following the implementation of these changes and,

---

[1] Mr. Williams' CV is attached as Exhibit 1.

The Honorable Gerald A. McHugh<br>
October 13, 2020<br>
Page 2

as of the date of the Court's injunction, "ha[d] not yet rebounded to the lowest point in the COVID-19 era." Mem. Op., ECF No. 62, at 52 (Sept. 28, 2020). And, in fact, the most recent data released by Defendants reflects that service has still not rebounded to that level, and is currently nearly three percentage points *below* where it was when this Court issued its injunction. *See* ECF No. 71-3 (showing that only 85.97 percent of first-class mail was delivered on time during the week of September 26, 2020).

Defendants have not presented an adequate explanation for why service performance levels remain so far below where they were prior to July 2020. The continued low service performance cannot be adequately explained by Labor Day (Sept. 7), which should have only impacted the week of September 5–11. In fact, service performance fell 1.99 percent the week of September 12–18 and another 2.52 percent the week of September 19–25. *See* ECF No. 71-3. Defendants have attributed this drop in part to the opening of the new Great Lakes and Chicago Surface Transfer Center, but their own public reporting asserts that this new center only "contributed to a decrease in the First-Class Mail processing score by approximately 1.2 percent for the week of Sept. 19," and then only for "Presort First-Class Mail" going through the new Center.[2] None of the reasons offered by Defendants explain why service levels remain well below their lowest levels during the COVID-19 era, much less why they are currently lower than they were when the Court entered its injunction.

Moreover, as Plaintiffs informed the Court during our most recent teleconference, subsequent evidence has revealed that Defendants have made further changes in postal operations, with uncertain consequences. Specifically, USPS adopted a new program (Dispatch of Value minus 60, or DOV-60) that changed the timing of how mail is processed in order to avoid late and extra trips by trucks. *See Jones v. USPS*, No. 20-6516, ECF No. 67-1, at 1-2 (S.D.N.Y. Oct. 1, 2020) (attached as Exh. 2). Based on Defendants' description of the program to Judge Marrero as well as Plaintiffs' own investigation, the initiative appears to set a deadline for completing the sorting of mail into delivery point sequence (i.e., the delivery order for a carrier's route) of 60 minutes before the dispatch of value, which is the last dispatch of the day that is loaded onto a truck in time to meet service standards. As a result, letter carriers are forced to complete sorting on their own, extending the time required to complete their routes.

This description is consistent with a recent article from the *Philadelphia Inquirer*, which reported that USPS employees at four local sorting facilities "were told that mail sorting machines must stop sorting the mail by 5 a.m., whether all the mail has been sorted or not."[3]

---

[2] USPS, The U.S. Postal Service Issues New Service Performance Report for the Week of September 19th (Oct. 1, 2020), https://about.usps.com/newsroom/national-releases/2020/1001-usps-issues-new-service-performance-report.htm.

[3] Ellie Rushing, *A few USPS plants are reinstalling mail sorting machines. But in Philly, more changes that could cause delays are happening*, Phila. Inquirer, at 1-2 (Oct. 1, 2020), https://fusion.inquirer.com/news/pennsylvania/postal-service-delays-philadelphia-usps-mail-sorting-machines-20201001.html (attached as Exh. 3).

The Honorable Gerald A. McHugh
October 13, 2020
Page 3

The result of this policy, according to the *Inquirer*, was "thousands of letter pieces going unsorted." *Id.*

Furthermore, as Defendants recently reported to the Court (ECF No. 71-2), the use of late and extra trips by USPS is still at one-third to one-quarter of what it was prior to the illegal operational changes in July 2020. Defendants have offered no good reason as to why this number would still be so low, particularly given that they have been under order of this Court and a number of other courts to stop any prohibition on late/extra trips and have committed (and been ordered to commit) to authorizing and encouraging late trips for the delivery of Election Mail and other mail.

Given these ongoing concerns, Plaintiffs respectfully submit that the appointment of an independent monitor who is familiar with the Postal Service's operations is both appropriate and necessary to ensure Defendants' compliance with the injunction in this case and to enable the Postal Service to improve its performance. Plaintiffs therefore respectfully request that the Court appoint Mr. Williams to monitor USPS's compliance with this Court's injunction.

Respectfully submitted,

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

/s *Michael J. Fischer*
MICHAEL J. FISCHER (Pa. Bar. No. 322311)
Chief Deputy Attorney General
AIMEE D. THOMSON (Pa. Bar. No. 326328)
RYAN B. SMITH (Pa. Bar. No. 324643)
JACOB B. BOYER (Pa. Bar. No. 324396)
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2171
mfischer@attorneygeneral.gov
*Attorneys for Plaintiffs*

cc (by ECF):   Counsel of Record