

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

---

Kuntal Cholera  Tel.: (202) 305-8645
Trial Attorney  E-mail: kuntal.cholera@usdoj.gov

October 20, 2020

The Honorable Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 9613
Philadelphia, PA 19106

    Re:    Plaintiffs' Response to USPS's Data Submissions, ECF No. 77 (*Pennsylvania v. DeJoy*, No. 20-cv-4096).

Dear Judge McHugh,

    Plaintiffs again express their dissatisfaction with USPS service data. But USPS is at a loss as to how this is evidence that a Court-appointed monitor is warranted. As USPS has explained, *see* ECF No. 73, the preliminary injunction does not speak to service performance levels, or require USPS to guarantee a certain aggregate number of late or extra trips, but rather requires USPS to maintain and convey certain specific operational policies. USPS has provided evidence—a declaration and guidance documents incorporating Court-ordered instructions—confirming USPS's compliance with that Court Order. *See* ECF No. 76-5. Plaintiffs' letter thus demonstrates only that the service data has not met their standards even though USPS is complying with the injunction, not because USPS is violating it.[1] With less than two weeks to go until the election, the appointment of an independent monitor is no more warranted now than when Plaintiffs first belatedly requested one.

    Plaintiffs reiterate their arguments concerning service performance scores, and late/extra trip levels, all of which USPS addressed in its prior letter. *See* ECF No. 73. And contrary to Plaintiffs' suggestion, the new data demonstrates that late trips have noticeably *appreciated*. For example, on October 11 and 12, USPS had 702 and 1,093 late trips, respectively. *See* ECF No. 76-2. However, on October 13, 14, and 15, USPS had 2,298, 2,374, and 2,151 late trips respectively. *See id.* Furthermore, Plaintiffs now also take issue with the USPS all-clear reports, but in order to do so, they selectively reveal certain figures, and omit others. For example, Plaintiffs note that in one division of one region, the all-clear certification rating was around 85%. *See* ECF No. 77, at 2. But Plaintiffs neglect to inform the Court that in the four national regions (Atlantic, Central,

---

[1] As USPS has already explained, and as the Southern District of New York acknowledged, many factors may impact service performance levels. *See* ECF No. 73, at 3.

Southern, and Western-Pacific), the all-clear certification ratings were 99.54%, 99.52%, 99.61%, and 99.01%, respectively. *See* ECF No. 76-3, at 72. Plaintiffs also note that "hundreds of delivery units are not filing reports" or are "filing incomplete reports." ECF No. 77, at 2. But these facilities make up a small percentage of the roughly 185,000 units involved. *See* ECF No. 76-3, at 72. And as USPS noted in *Jones v. USPS,* No. 20-cv-06516 (S.D.N.Y): "If a facility submits no 'all clear' response on a given day, USPS Headquarters alerts the relevant District Manager or Division director to follow up. If a particular facility exhibits a pattern of non-responses, USPS may take a corrective action." ECF No. 73-3, at 4. Thus, USPS even has a plan in place for this eventuality, even though it is wholly disconnected from compliance with this Court's order.

But even if the Court were persuaded by Plaintiffs' suggestion that the service data is cause for concern, it is unclear how the appointment of an independent monitor would help the situation. Indeed, in a letter that actually serves as a reply in support of their prior motion for a monitor, Plaintiffs make no attempt to address the litany of issues USPS identified in its original response. *See* ECF No. 73, at 4-6. Plaintiffs note only that they seek a monitor that would be in place even after the election. But they do not explain why such a monitor would be necessary at that point, nor do they account for the havoc such an appointment would cause in the pivotal period preceding the election, with the election presumably the basis for Plaintiffs' motion for preliminary injunction in the first place.

USPS is taking extraordinary steps to comply with multiple orders around the country, as well as plan for the next two weeks prior to the election, when millions of votes already have been, and will continue to be, cast. Rather than allowing USPS to focus on this responsibility, Plaintiffs continue to agitate for additional relief based upon speculative data for unknown reasons. USPS asks that it be allowed to perform its duty in this important period, rather than continuing to litigate unnecessary disputes before this Court.

USPS respectfully requests that this Court deny Plaintiffs' request for a Court-appointed monitor.

        Respectfully submitted,

        /s/ Kuntal Cholera
        Kuntal V. Cholera

CC: All Counsel of record via ECF.