

JOSH SHAPIRO
ATTORNEY GENERAL

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
HARRISBURG, PA 17120

1600 ARCH ST.
SUITE 300
PHILADELPHIA, PA 19103
(215) 560-2402

October 20, 2020

The Honorable Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 9613
Philadelphia, PA 19106

*By Electronic Filing*

        Re: *Pennsylvania et al. v. DeJoy et al.*, No. 2:20-cv-04096-GAM

Dear Judge McHugh:

        Plaintiffs respectfully submit this letter to respond to Defendants' submission of earlier today, ECF No. 78, and to request that the Court hold a teleconference at its convenience on Plaintiffs' request for the appointment of an independent monitor. In their latest letter, Defendants assert that they are in compliance with this Court's injunction. But the data tells a different story. Before the now-enjoined changes, the Postal Service consistently met its service standards for first-class mail more than 90% of the time. Yet even after this Court's injunction, the Postal Service has not been able to return service performance to the level it once regularly attained. The failure to return service to that consistent level is strong evidence that USPS is *not* fully complying with this Court's injunction. Defendants' most recent letter offers no explanation for why service has not returned to the level the Postal Service regularly achieved before the July changes. And their earlier explanations—Labor Day Weekend and the opening of the new Great Lakes and Chicago Surface Transfer Center the week of September 19—are plainly no longer relevant.

        The problem is not that USPS's performance "has not met [Plaintiffs'] standards"; the problem is that it remains well below its lowest level prior to the implementation of the enjoined changes; below where it was when this Court issued its injunction; and, of course, well below the USPS's own standards. While Defendants point to recent communications delivered to USPS employees relating to this Court's injunction, this case had made it abundantly clear that the message delivered from senior USPS management is not always fully consistent with the message heard by rank-and-file postal employees. This is precisely why an independent monitor with extensive experience with the Postal Service is needed: he could help identify *why* this service deficiency persists, and report to the Court on the extent to which the requirements of the Court's injunction are being followed on a day-to-day basis.

The Honorable Gerald A. McHugh<br>
October 20, 2020<br>
Page 2

    Defendants nonetheless claim that appointing a monitor would lead to "havoc." As a potential monitor, Plaintiffs have identified an individual who served as Inspector General for the Postal Service for thirteen years, after previously having served as Inspector General for four other government agencies. Inspectors General are mandated by Congress "to conduct and supervise audits and investigations," "to provide leadership and coordination and recommend policies for activities designed to promote economy, efficiency, and effectiveness [and] to prevent and detect fraud and abuse," and "to provide a means for keeping the head of the [agency] and the Congress fully and currently informed about problems and deficiencies relating to the administration of [the agency] and the necessity for and progress of corrective action." 5 U.S.C. app. 3 § 2. Given Mr. Williams' range of experience, it is difficult to imagine an individual more suited to serving as monitor or less likely to cause "havoc" at the Postal Service were he appointed.

    Plaintiffs have no interest in subjecting USPS to unnecessary oversight. And if service had truly improved following this Court's injunction, they would not have made this request for a monitor. But it has not, and USPS's failures at least raise serious concerns about whether the changes implemented in July have truly been rolled back. Without the appointment of a monitor, there is no way of verifying that the Postal Service is fully complying with this Court's injunction. For these reasons, Plaintiffs respectfully request that the Court conduct a teleconference on their request to appoint David Williams as monitor, and that the Court grant that request.

Respectfully submitted,

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

/s *Michael J. Fischer*
MICHAEL J. FISCHER (Pa. Bar. No. 322311)
Chief Deputy Attorney General
AIMEE D. THOMSON (Pa. Bar. No. 326328)
RYAN B. SMITH (Pa. Bar. No. 324643)
JACOB B. BOYER (Pa. Bar. No. 324396)
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2171
mfischer@attorneygeneral.gov
*Attorneys for Plaintiffs*

cc (by ECF):   Counsel of Record