IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, ET AL. : : : v. : : LOUIS DeJOY : *IN HIS OFFICIAL CAPACITY AS* : *UNITED STATES POSTMASTER GENERAL*, : ET AL. : | CIVIL ACTION NO. 20-4096 |

McHUGH, J.                                                                                                          OCTOBER 21, 2020

### MEMORANDUM

On October 13, 2020, Plaintiffs contacted the Court by letter requesting the appointment of an independent monitor (ECF No. 72) to supervise the implementation of this Court's Order of September 28, 2020 (ECF No. 63), as subsequently clarified on October 9, 2020 (ECF No. 70). Defendants have opposed this request on the grounds that it is both unnecessary and that it "raises a number of practical concerns, especially in light of the limited time remaining before the November 2020 election." Defs.' Statement in Resp. to Pl.'s Req. for a Court-Appointed Monitor, ECF No. 73. In the interim, the Court has been reviewing compliance with it Orders based on periodic reports filed in this action and before other federal courts. On October 20, 2020, Plaintiffs contacted the court seeking a teleconference regarding this request. Pls.' Statement in Resp. to Dfs.' Letter of 10/20/20, ECF No. 79.

Although "the power of the federal courts to appoint special masters to monitor compliance with their remedial orders is well established," *United States v. Yonkers Bd. of Educ.,* 29 F.3d 40, 44 (2d Cir.1994), *cert. denied,* 515 U.S. 1157, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995) (collecting cases), I will decline to exercise such power at this juncture for the same reasons expressed by

Judge Marrero, *Jones v. USPS*, 20-cv-6516, ECF No. 82, at 6 (S.D.N.Y. Oct. 9, 2020) ("with the November 3 election mere weeks away," it is unlikely that "imposing an independent monitor would be helpful, let alone practicable.")

In deciding whether and to what extent to utilize an independent monitor, I must be cognizant of both constitutional limitations and the parameters laid out in Federal Rules of Civil Procedure 53 and 65.  *See, e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 145 (2d Cir. 2011) (citing *Meeropol v. Meese,* 790 F.2d 942, 961 (D.C.Cir.1986)); Fed. R. Civ. P. 53; Fed. R. Civ. P. 65.  In that regard, it bears mention that injunctive relief was not sought or granted with respect to Count II of Plaintiffs' Complaint, and the interim relief granted has focused principally on the period up to the election and the weeks following.

The broader issues presented by this case will be ripe for discussion at the telephonic status hearing already scheduled for **December 3, 2020**.

    /s/ Gerald Austin McHugh  
    United States District Judge