UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, STATE OF CALIFORNIA, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF MAINE, COMMONWEALTH OF MASSACHUSETTS, and STATE OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>LOUIS DeJOY, *in his official capacity as United States Postmaster General*; RON A. BLOOM, *in his official capacity as Chairman of the Postal Service Board of Governors*; and the UNITED STATES POSTAL SERVICE,<br><br>Defendants. | No. 2:20-cv-4096-GAM<br><br>ORAL ARGUMENT REQUESTED |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs the Commonwealth of Pennsylvania, the State of California, the State of Delaware, the District of Columbia, the State of Maine, the Commonwealth of Massachusetts, and State of North Carolina respectfully move for summary judgment on Counts I and II of their complaint.[1]

As set forth in the contemporaneously filed Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment,[2] there is no genuine issue of material fact, Plaintiffs

---

[1] Counts III and IV, which related to the 2020 election, are moot.

[2] Pursuant to the Protective Order (ECF No. 55), Defendants have designated a number of documents produced to Plaintiffs as "confidential." Plaintiffs' Memorandum of Law cites to, and quotes from, several of these confidential documents. As required by Protective Order ¶ 10, Plaintiffs are filing the exhibits marked confidential, as well as the Memorandum of Law, under seal. Plaintiffs will file a redacted version of the Memorandum of Law on ECF once Defendants have provided Plaintiffs with their requested redactions.

are entitled to judgment as a matter of law, and declaratory and permanent injunctive relief are warranted. Plaintiffs have shown that:

1. In June and July 2020, Defendants adopted a policy to cut costs, effectuated by dozens of strategies and initiatives, without considering the effect these strategies and initiatives would have on the timely delivery of mail and in disregard of statutory obligations that ensure the Postal Service functions as a "basic and fundamental service provided to the people by the Government of the United States, authorized by the Constitution, created by Act of Congress, and supported by the people." 39 U.S.C. § 101(a).

2. Defendants endeavored to eliminate "late" and "extra" trips made by trucks transporting mail, which required all Postal Service employees to adhere strictly to schedules regardless of real-world circumstances. They imposed these requirements without first obtaining an advisory opinion from the Postal Regulatory Commission, as required by law. As a result, the initiative exceeded the limits that 39 U.S.C. § 3661 imposes on the Postal Service's authority.

3. Defendants further required Postal Service employees to implement more than fifty additional "do-it-now" strategies to reduce work hours across the entire service. Taken together, Defendants' no late and extra trip initiative and work hour reduction strategies were a rushed set of poorly communicated orders to Postal Service employees that did not account for real-world challenges in their implementation. The Postal Service's cost-cutting policy violated its statutory obligations to expeditiously handle important letter mail and to provide efficient and adequate postal services. 39 U.S.C. §§ 101 and 403.

4. The initiatives and strategies implemented by the Postal Service in June and July 2020 resulted in mail delays, which irreparably harmed Plaintiff States and their residents by delaying critical items such as medication, payments, and bills. Plaintiff States use the mail to

2

conduct essential governmental functions, such as sending legal notices, collecting payments, and sending other key correspondence. Plaintiff States received thousands of complaints from their residents regarding mail service. Plaintiffs will again suffer irreparable harm absent a permanent injunction.

5. The balance of equities favors an injunction. Defendants would suffer minimal disruption because they have been subject to a preliminary injunction for months. Plaintiff States will suffer significant and irreparable harm to their sovereign, quasi-sovereign, and proprietary interests if a permanent injunction does not issue.

6. The public interest favors an injunction because the public has significant interest in reliable, timely mail delivery and in having confidence that the Postal Service will continue to fulfill its obligation of universal service.

7. Because Plaintiff States satisfy the requirements for a permanent injunction, Plaintiff States respectfully request that this Court enter an Order enjoining Defendants Louis DeJoy, United States Postmaster General, Ron A. Bloom, Chairman of the Postal Service Board of Governors, the United States Postal Service, and their agents, designees, and subordinates, as well as any person acting in concert or participation with them, from continuing to take these and other unlawful actions, and requiring Defendants to comply with their statutory obligations under 39 U.S.C. §§ 101, 403, and 3661, as set forth in more detail in the accompanying proposed order

8. Plaintiff States also respectfully request that this Court enter an Order declaring that the challenged conduct by Defendants Louis DeJoy, United States Postmaster General, Ron A. Bloom, Chairman of the Postal Service Board of Governors, and the United States Postal Service exceeded their authority and violated 39 U.S.C. §§ 101, 403, and 3661.

9. This Motion is supported by the contemporaneously filed Memorandum of Law, accompanying declarations and exhibits, Plaintiff States' Complaint, and any additional submissions that may be considered by the Court.

May 28, 2021                                  Respectfully submitted,

                                          JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania
MICHAEL J. FISCHER (Pa. Bar. No. 322311)
Chief Deputy Attorney General

 s/ *Aimee D. Thomson*
AIMEE D. THOMSON (Pa. Bar. No. 326328)
RYAN B. SMITH (Pa. Bar. No. 324643)
JACOB B. BOYER (Pa. Bar. No. 324396)
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 374-2787
athomson@attorneygeneral.gov
*Attorneys for Plaintiff Commonwealth of Pennsylvania*

XAVIER BECERRA
Attorney General
State of California
MICHAEL NEWMAN
Senior Assistant Attorney General
SUSAN SLAGER
Supervising Deputy Attorney General
MARISSA MALOUFF
ANTHONY O'BRIEN*
JASLEEN SINGH*
LISA C. EHRLICH*
Deputy Attorneys General
Office of the Attorney General for the State of California
455 Golden Gate Avenue, Suite 11000 San Francisco, CA 94102
(415) 510-3489
Lisa.Ehrlich@doj.ca.gov
*Attorneys for Plaintiff State of California*

KATHLEEN JENNINGS
Attorney General
State of Delaware
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
JILLIAN A. LAZAR
VANESSA L. KASSAB
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
(302) 577-8600
Vanessa.Kassab@delaware.gov
*Attorneys for Plaintiff State of Delaware*

KARL A. RACINE
*Attorney General*
*District of Columbia*
KATHLEEN KONOPKA*
Deputy Attorney General, Public Advocacy Division
BRENDAN B. DOWNES*
Assistant Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th St. NW
Washington, DC 20001
(202) 724-6610
Kathleen.Konopka@dc.gov
*Attorneys for Plaintiff District of Columbia*

AARON M. FREY
Attorney General
State of Maine
SUSAN P. HERMAN*
Chief Deputy Attorney General
6 State House Station
Augusta, ME 04333-0006
T (207) 626-8814
susan.herman@maine.gov
*Attorneys for Plaintiff State of Maine*

MAURA HEALEY
Attorney General
Commonwealth of Massachusetts
DAVID C. KRAVITZ*
Deputy State Solicitor
Office of Attorney General Maura Healey
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2427
david.kravitz@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

JOSHUA H. STEIN
Attorney General
State of North Carolina
SRIPRIYA NARASIMHAN*
Deputy General Counsel
SARAH G. BOYCE*
Deputy Solicitor General
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27603
(919) 716-6400
snarasimhan@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

*Appearing pro hac vice

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify that the foregoing motion, an associated proposed order, and a redacted appendix have been filed electronically and are available for viewing and downloading from the ECF system by all parties. As required by Protective Order ¶ 10, the Memorandum of Law and an unredacted appendix will be contemporaneously filed under seal with the Clerk's office, copying Defendants' counsel by electronic mail. Plaintiffs will file a redacted version of the Memorandum of Law on ECF once Defendants have provided Plaintiffs with their requested redactions.

*s/ Aimee D. Thomson*
AIMEE D. THOMSON